# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| VALUE DRUG COMPANY, on behalf of itself and all others similarly situated,<br><br>v.<br><br>TAKEDA PHARMACEUTICALS U.S.A., INC., *et al.* | Misc. Case No. 1:22-mc-00013<br><br>Underlying action:<br>Case No. 2:21-cv-03500 (E.D. Pa.) |

### VALUE DRUG COMPANY'S MOTION TO TRANSFER MOTION TO COMPEL PRASCO LABORATORIES TO THE UNITED STATES DISTRICT COURT FOR THE <u>EASTERN DISTRICT OF PENNSYLVANIA</u>

Value Drug Company ("Value Drug"), pursuant to Rule 45(f) of the Federal Rules of Civil Procedure, moves to transfer its Motion to Compel Prasco Laboratories (ECF No. 1) ("Motion to Compel") to the United States District Court for the Eastern District of Pennsylvania. Value Drug seeks transfer of the Motion to Compel for several reasons: First, transfer is warranted to avoid disrupting the management of the underlying litigation, particularly in light of the appointment of a Special Master in the underlying litigation to handle precisely such disputes as this one. Second, the subpoena recipient, Prasco Laboratories ("Prasco"), is a large, sophisticated, national company and its counsel maintains an office within the Eastern District of Pennsylvania such that Prasco would not be burdened by having to litigate in Pennsylvania. In addition, Prasco's burden may be minimal in light of the likely ability of counsel to appear remotely as recommended by the advisory committee for the 2013 amendment to Rule 45(f). A brief in support of Value Drug's Motion to Transfer follows.

Dated: April 4, 2022

VORYS, SATER, SEYMOUR AND PEASE LLP

/s/ Emily E. St. Cyr
Emily E. St. Cyr
301 East Fourth Street, Suite 3500
Great American Tower
Cincinnati, OH 45202
(513) 723-4674
(513) 852-7851 – fax
eestcyr@vorys.com

BERGER MONTAGUE PC
Caitlin G. Coslett*
1818 Market Street
Suite 3600
Philadelphia, PA 19103
215-875-3000
215-875-4604 – fax
ccoslett@bm.net

*Pro Hac Vice Motion to be filed.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| VALUE DRUG COMPANY, on behalf of itself and all others similarly situated,<br><br>v.<br><br>TAKEDA PHARMACEUTICALS U.S.A., INC., *et al.* | Case No. 1:22-mc-00013<br><br>Underlying action:<br>Case No. 2:21-cv-03500 (E.D. Pa.) |

**MEMORANDUM IN SUPPORT OF VALUE DRUG COMPANY'S MOTION TO TRANSFER**

**I.    INTRODUCTION**

This miscellaneous action concerns Value Drug Company's Motion to Compel (ECF No. 1)[1] seeking the production of transaction-level sales data from non-party Prasco Laboratories ("Prasco"). Value Drug Company's Subpoena to Prasco was issued in connection with litigation pending before the Honorable Mark A. Kearney in the United States District Court for the Eastern District of Pennsylvania ("the Pennsylvania Action"). In the Pennsylvania Action, Value Drug Company ("Value Drug") alleges that Defendants[2] conspired to delay competition, reduce output, and maintain monopoly prices for the brand gout drug Colcrys in violation of Section 1

---

[1] Value Drug's Motion to Compel has been filed contemporaneously with the current motion. Value Drug's Motion to Compel concerns a subpoena *duces tecum* served by Value Drug on Prasco on September 13, 2021. The September 13, 2021 subpoena to Prasco is attached as Ex. 1 to the Declaration of Caitlin G. Coslett in support of Value Drug's Motion to Compel (hereinafter, the "Subpoena").

[2] Defendants in the Pennsylvania Action are Takeda Pharmaceuticals U.S.A., Inc. ("Takeda"), Teva Pharmaceutical Industries Ltd. ("Teva Ltd."), Teva Pharmaceuticals USA, Inc. ("Teva USA"), Watson Laboratories, Inc., Amneal Pharmaceuticals LLC, and Par Pharmaceutical, Inc. ("Par") (all defendants collectively, "Defendants").

3

of the Sherman Act. Value Drug also contends that the combined effect of the alleged conduct constitutes violations of Section 2 of the Sherman Act for monopolization and conspiracy to monopolize. Defendants allegedly agreed to have one Defendant, Par, replace Prasco as the distributor of Defendant Takeda's "authorized generic"[3] version of Colcrys and have Prasco exit the generic Colcrys market.[4] Prasco, from approximately January 2015 through July 2018, was the only seller of generic Colcrys.[5]

As set forth in the Motion to Compel, Value Drug seeks to compel Prasco to produce transaction-level sales data for authorized generic Colcrys during this period.

Transfer is appropriate because the Eastern District of Pennsylvania is a more efficient venue to adjudicate Value Drug's Motion to Compel against Prasco. The Eastern District of Pennsylvania has experience with the facts of the complex underlying case. A Special Master has been appointed to resolve discovery disputes, and he has already evaluated the relevance of certain documents, ruling on one motion to compel. In addition, Prasco will face little burden litigating the Motion to Compel in Pennsylvania because Prasco is a national company and its counsel maintains offices within the Eastern District of Pennsylvania. Moreover, as recommended by the advisory committee for the 2013 amendment to Rule 45(f), Prasco's counsel would (with Value Drug's consent) likely be afforded the ability to appear remotely. Value Drug therefore respectfully requests the transfer of the Motion to Compel to the Eastern District of Pennsylvania.

---

[3] An "authorized generic" is a generic version of a brand drug produced by the brand-name company or produced by a third party licensed to do so. *See FTC v. AbbVie Inc.*, 976 F.3d 327, 339 (3d Cir. 2020) (describing authorized generics and the role of authorized generics in pharmaceutical competition).

[4] First Amended Class Action Complaint, ¶¶ 110-11, *Value Drug Company v. Takeda Pharmaceuticals, U.S.A., Inc. et al.*, 2:21-cv-03500 (E.D. Pa. Jan. 18, 2022), ECF No. 163.

[5] *Id.* ¶¶ 103, 111.

## II.     PROCEDURAL HISTORY

Value Drug filed its initial complaint in the Eastern District of Pennsylvania on August 5, 2021. The case is assigned to the Honorable Mark Kearney. Value Drug filed an Amended Complaint on January 18, 2022, which Defendants moved to dismiss. On March 30, 2022, Judge Kearney denied Defendants' motions to dismiss the Amended Complaint as to Value Drug's claims for an overarching conspiracy to restrain trade, monopolization, and conspiracy to monopolize.[6] Judge Kearney has instructed the parties to proceed with discovery,[7] and has appointed retired federal Judge Thomas I. Vanaskie as Special Master to oversee discovery disputes.[8] To date, two motions to compel in the Pennsylvania Action have been before the Special Master[9] and one has been resolved.[10] Under the Court-ordered schedule in the Pennsylvania Action, Value Drug's class certification reports are due in less than four months, on July 21, 2022, and a twenty-two-day jury trial is scheduled to begin on February 27, 2023.[11]

---

[6] *See* Memorandum-Order, *Value Drug Company v. Takeda Pharmaceuticals, U.S.A., Inc. et al.*, 2:21-cv-03500 (E.D. Pa. Mar. 30, 2022), ECF No. 207.

[7] *See* Order, *Value Drug Company v. Takeda Pharmaceuticals, U.S.A., Inc. et al.*, 2:21-cv-03500 (E.D. Pa. Feb. 11, 2022), ECF No. 173 ("nothing in this Order allows a party or non-party to impede discovery based on pending motion").

[8] Order, *Value Drug Company v. Takeda Pharmaceuticals*, U.S.A., Inc. et al., 2:21-cv-03500 (E.D. Pa. Mar. 15, 2022), ECF. No. 198 (appointing as special discovery master, under Fed. R. Civ. P. 53, Thomas I. Vanaskie retired Judge of the U.S. Court of Appeals and retired Chief Judge of the U.S. District Court for the Middle District of Pennsylvania).

[9] Motion to Compel, *Value Drug Company v. Takeda Pharmaceuticals, U.S.A., Inc. et al.*, 2:21-cv-03500 (E.D. Pa. Mar. 2, 2022), ECF No. 182; Motion to Compel, *Value Drug Company v. Takeda Pharmaceuticals, U.S.A., Inc. et al.*, 2:21-cv-03500 (E.D. Pa. Mar. 25, 2022), ECF No. 205.

[10] Special Master Recommended Order No. 1, *Value Drug Company v. Takeda Pharmaceuticals, U.S.A., Inc. et al.*, 2:21-cv-03500 (E.D. Pa. Mar. 31, 2022), ECF No. 210 (granting, in part, Value Drug's motion to compel).

[11] Scheduling Order, ¶¶ 11, 22, *Value Drug Company v. Takeda Pharmaceuticals, U.S.A., Inc. et al.*, 2:21-cv-03500 (E.D. Pa.) (Oct. 4, 2021), ECF No. 94.

### III.     LEGAL STANDARD

Prasco, the subpoena recipient, is headquartered in this District in Mason, Ohio, and Value Drug's subpoena directed Prasco to produce documents in this District.  Accordingly, Value Drug filed the Motion to Compel in this Court.[12]  Litigation over the Motion to Compel, however, should be conducted in the Eastern District of Pennsylvania, where the underlying action is pending and where Special Master Vanaskie can oversee the Motion to Compel, together with the other discovery motion presently pending before him, as well as any others he hears.

In similar circumstances, courts in this District transfer litigation to the court overseeing the underlying case. *See Williams v. Lasik Vision Institute, LLC*, 2021 WL 4059308, at *4 (S.D. Ohio Sept. 7, 2021) (transferring motion to compel subpoena to court hearing underlying class action); *Parker Compound Bows, Inc. v. Hunter's Manufacturing Co. Inc.*, 2015 WL 7308655, at *2 (N.D. Ohio Nov. 19, 2015) (granting transfer); *F.T.C. v. A± Fin. Ctr., LLC*, 2013 WL 6388539, at *4 (S.D. Ohio Dec. 6, 2013) (granting transfer). Rule 45 allows the court of compliance to "transfer a motion under this rule to the issuing court." Fed. R. Civ. P. 45(f). "The decision of whether to transfer under Fed. R. Civ. P. 45(f) is discretionary." *Williams*, 2021 WL 4059308, at *2 (citing *Hausauer v. Trustedsec, LLC*, 2020 WL 6826368, at *6 (N.D. Ohio Nov. 20, 2020)). Courts deciding whether to transfer a motion to compel pursuant to Fed. R. Civ. P. 45(f) consider "a number of factors, including case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Id.*

---

[12] Motions to compel production of documents requested by subpoena must be initially filed in the court where compliance is required.  Fed. R. Civ. P. 45(d)(2)(B)(i).

"A judge who is fully familiar with the underlying litigation is in a better position to resolve such issues than a judge in a different district with no knowledge of the case." *Stanziale v. Pepper Hamilton LLP*, 2007 WL 473703, at *5 (S.D.NY. Feb. 9, 2007). *See also Parker Compound Bows*, 2015 WL 7308655, at *2 (granting transfer in part because the issuing court had "developed an understanding of the factual predicates implicated in this motion"); *A+ Fin. Ctr., LLC*, 2013 WL 6388539, at *4 (granting transfer of the motion to compel because "the wisest course is to permit the court most familiar with the parties' dispute . . . to fully and finally resolve that dispute"). This is true when arguments supporting and opposing the motion, such as relevance, privilege, and confidentiality, have been considered by the court where the action is pending. *Stanziale*, 2007 WL 473703, at *5 (privilege); *Patriot Nat. Ins. Group v. Oriska Ins. Co.*, 973 F. Supp. 2d 173, 176 (N.D.N.Y. 2013) (relevance); *U.S. v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 488 (D. Md. 2002) (confidentiality).[13]

In addition to avoiding disrupting substantive rulings, a transfer may be warranted "in order to avoid disrupting the issuing court's management of the underlying litigation." *Parker Compound Bows*, 2015 WL 7308655, at *1. *See Deman Data Sys. v. Schweikert*, 2015 WL 12977016, at *2 (E.D. Ky. Jan. 12, 2015) (granting transfer "most import[antly] . . . [because] its ruling on the pending Motion to Compel could disrupt the Florida District Court's management of the Florida case").

---

[13] As discussed in Value Drug's Motion to Compel, Prasco's primary objection to the Subpoena is the confidentiality of its transactional sales data. However, the Pennsylvania Action has already considered and ruled on confidentiality issues. *See, e.g.*, Order, *Value Drug Company v. Takeda Pharmaceuticals, U.S.A., Inc. et al.*, 2:21-cv-03500 (E.D. Pa. Jan. 18, 2022), ECF No. 161 (granting motion to seal for good cause shown). Resolving the confidentiality questions in this Court would be duplicative or may lead to inconsistent rulings.

Finally, transfer is particularly warranted in complex multi-defendant cases (like this one) involving corporate conspiracy with substantial damages because "[t]he materials submitted to [the Court] thus necessarily represent but one piece of a much bigger puzzle." *Star Scientific*, 205 F. Supp. 2d at 487. Such a case "clearly would fall within that category of cases in which transfer is appropriate." *Id.*

IV. **ARGUMENT**

> A. **The Eastern District of Pennsylvania is the appropriate court to consider Value Drug's Motion to Compel.**

Value Drug's motion to transfer should be granted because the Eastern District of Pennsylvania has a vested interest in deciding issues pertinent to the underlying case as well as managing the underlying case's schedule. As set forth in the Motion to Compel, Value Drug's motion to compel implicates issues important to the Pennsylvania Action. Judge Kearney, having already decided several motions, has familiarity with the underlying facts and with such issues as relevance, confidentiality, and privilege. Moreover, in the Pennsylvania Action, several discovery motions have been presented to a court-appointed Special Master, who has particular familiarity with the underlying facts and disputes about relevance. Indeed, the Special Master has already ruled on one such motion to compel and so is best-suited to address the motion to compel against Prasco. Judge Kearney has also directed the parties to proceed expeditiously in the underlying case to prepare for trial within the next year. Transfer to the Eastern District of Pennsylvania will, therefore, allow for Value Drug's Motion to Compel to be timely heard by a judge or special master who is very familiar with the facts of the case and status of discovery. Courts grant motions to transfer where the underlying court's involvement is similarly extensive. *Deman Data Sys.*, 2015 WL 12977016, at *2 (granting motion to transfer based on the issuing court's "extensive involvement in managing the . . . case"); *Patriot Nat. Ins. Group*, 973 F. Supp.

8

2d at 176 (granting motion to transfer because the underlying court "is far better positioned to hear arguments relating to . . . the disputed subpoena" in light of the underlying court's "extensive involvement, as evidenced by the docket in the underlying action").

The complexity of the case also supports transfer. Plaintiff Value Drug alleges a conspiracy among the Defendants to restrict output and restrain competition of a generic drug. As part of the allegedly unlawful conspiracy, Defendants agreed to have another drug company replace Prasco as a distributor of authorized generic version of Colcrys. *Star Scientific*, 205 F. Supp. 2d at 487 (granting motion to transfer because "the underlying litigation is complex, alleging a conspiracy involving six corporate defendants and their parent companies . . . and resulting in potential damages in the hundreds of billions of dollars"). Transfer is appropriate here because the sales data at issue in the Motion to Compel is relevant to important pieces in a complex evidentiary puzzle already being assembled in the Pennsylvania Action.

### B. The benefits of transfer outweigh any burden to Prasco.

Transfer would not be overly burdensome to Prasco. Prasco is a pharmaceutical company that regularly conducts business nationwide. Further, counsel representing Prasco has offices in thirty cities, including an office in the Eastern District of Pennsylvania.[14] Moreover, Federal Rule 45(f) allows for attorneys admitted in the compliance court to file in the issuing court without the need to obtain local counsel. Additionally, the advisory committee for the 2013 amendment to Rule 45(f) recommended using telecommunication techniques and devices to avoid any onerous travel expenses on the responding party, to the extent they exist. Federal courts have integrated such telecommunication techniques, including video hearings and appearances, as standard

---

[14] *See* https://www.dinsmore.com/office-locations/philadelphia-pa/ ("Our services include. . . general commercial litigation in both federal and state courts").

9

practice over the last two years. See *Cadence Pharms., Inc. v. Multisorb Techs., Inc.*, 2016 WL 4267567, at *6 (W.D.N.Y. Aug. 15, 2016) (rejecting nonparty's burden argument in light of Rule 45's allowances). Value Drug would have no objection to such remote participation in connection with the Motion to Compel by Prasco's counsel in the Pennsylvania Action. The burden to practice in either jurisdiction will be the same.

**V.    Conclusion**

For all the foregoing reasons, Value Drug respectfully requests that this Court grant its motion to transfer the Motion to Compel to the United States District Court for the Eastern District of Pennsylvania.

Dated: April 4, 2022                    VORYS, SATER, SEYMOUR AND
                                        PEASE LLP

                                        /s/ Emily E. St. Cyr
                                        Emily E. St. Cyr
                                        301 East Fourth Street, Suite 3500
                                        Great American Tower
                                        Cincinnati, OH 45202
                                        (513) 723-4674
                                        (513) 852-7851 – fax
                                        eestcyr@vorys.com


                                        BERGER MONTAGUE PC
                                        Caitlin G. Coslett*
                                        1818 Market Street
                                        Suite 3600
                                        Philadelphia, PA 19103
                                        215-875-3000
                                        215-875-4604 – fax
                                        ccoslett@bm.net

                                        **Pro Hac Vice* Motion to be filed.

## **CERTIFICATE OF SERVICE**

     I, Emily E. St. Cyr, hereby certify that on April 4, 2022, I caused a copy of the foregoing document to be served via email upon the following counsel for Prasco Laboratories:

Alan H. Abes, Esquire
DINSMORE
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
alan.abes@dinsmore.com

                                      /s/ Emily E. St. Cyr
                                      Emily E. St. Cyr