UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VALUE DRUG COMPANY, on behalf of itself
and all others similarly situated,

    Plaintiff,

v.

TAKEDA PHARMACEUTICALS U.S.A.,
et al.

    Defendants.

Case No. 1:22-mc-13

McFarland, J.
Bowman, M.J.

**ORDER**

This matter is before the Court on Value Drug Company's ("Value Drug") Motion to Compel and Motion to Transfer Venue (Docs. 1, 2), as well as the parties' responsive memoranda. (Docs. 7, 9, 10).

**I.    Background and Facts**

On August 5, 2021, Plaintiff filed a putative class action complaint in the Eastern District of Pennsylvania alleging that in 2014, Takeda and three generic pharmaceutical companies (Par, Watson, and Amneal) conspired to reduce competition for Colcrys (a gout drug) by entering into agreements delaying the entry of competing generic drugs into the market even after Takeda's period of exclusivity expired on July 29, 2016. (ECF No. 1, *Value Drug Co. v. Takeda Pharmaceuticals, U.S.A., Inc., et al.,* No. 21-cv-3500 (E.D. Pa.) ("PA ECF" 1)). Value Drug brings claims under Sections 1 and 2 of the Sherman Act on behalf of a class of direct purchasers of brand and generic Colcrys, including AG Colcrys.

The amended complaint in the underlying Pennsylvania action asserts that Prasco, LLC dba Prasco Laboratories ("Prasco") started selling AG Colcrys on January 11, 2015.

1

Notably, Prasco is a private pharmaceutical company headquartered in Mason, Ohio. (Doc. 7, Lapps Decl., ¶ 3. Value Drug served a subpoena on Prasco on September 13, 2021; (Doc. 2 Ex. 1). Value Drug's subpoena seeks Prasco's colchicine transactional sales data. Id. Despite extensive meet and confer efforts, Value Drug was unable to reach agreement with Prasco. After several meet and confer calls, the parties were unable to reach an agreement relating to the information requested by the subpoena.

Thereafter, on April 4, 2022, pursuant to Federal Rule of Civil Procedure 45, Value Drug Company filed the instant action asking the Court to compel Prasco Laboratories to produce transaction-level sales data for authorized generic ("AG") Colcrys, as requested by Request No. 11 in Value Drug's Subpoena Duces Tecum served on September 13, 2021. That same day, Value Drug also filed a motion to transfer its motion to compel to the United States District Court for the Eastern District of Pennsylvania. Upon careful consideration and for the reasons that follow the undersigned finds that this matter should be transferred to the Eastern District of Pennsylvania.

**II. Standard of Review and Applicable Law**

Fed. R. Civ. P. 45(f) provides, in pertinent part: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances...." Fed. R. Civ. P. 45(f). In determining whether "exceptional circumstances" exist, the advisory committee's note provides:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be

> warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion....

Fed. R. Civ. P. 45(f) advisory committee's note to the 2013 amendment (emphasis added). See *Arclin USA, LLC v. Vits Tech. GmbH*, No. 2:20-mc-48, 2020 WL 6882600, at *2 (S.D. Ohio Nov. 24, 2020) ("If exceptional circumstances exist, the Court must weigh them against the interests of the nonparty in obtaining local resolution of the motion.") (citing Id.).

"The decision of whether to transfer [under Fed. R. Civ. P. 45(f)] is discretionary." *Hausauer v. Trustedsec, LLC*, No. 1:20-mc-101, 2020 WL 6826368, at *6 (N.D. Ohio Nov. 20, 2020). Courts looking at whether transfer is warranted pursuant to Fed. R. Civ. P. 45(f) consider "a number of factors, including case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Drips Holdings, LLC v. Quotewizard.com, LLC*, No. 1:21-mc-17, 2021 WL 1517919, at *5 (N.D. Ohio Apr. 16, 2021) (citations and quotations omitted). *See also Hausauer*, 2020 WL 6826368, at *5 ("transfer may be warranted 'in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts'") (quoting Fed. R. Civ. P. 45(f) advisory committee's note to the 2013 amendment).

### III. Value Drug's Motion to Transfer is Well-Taken

The issue in this case is whether this Court should, within its discretion, transfer Value Drug's motion to compel to the Eastern District of Pennsylvania pursuant to Fed.

3

R. Civ. P. 45(f). Value Drug, as the proponent of transfer, "bears the burden of showing that such [exceptional] circumstances are present." Fed. R. Civ. P. 45(f) advisory committee's note to the 2013 amendment. Value Drug argues, *inter alia*, that transfer is appropriate because the Eastern District of Pennsylvania is a more efficient venue to adjudicate Value Drug's Motion to Compel against Prasco.

Prasco opposes the motion, asserting that transfer should be denied because this dispute does not present the "exceptional circumstances" that Rule 45 requires. Prasco contends that the dispute is not so intertwined with the issues in the EDPA Litigation as to require that court's participation. Moreover, as a local nonparty uninvolved in the underlying case, Prasco should not be required to defend in a distant venue. Prasco also raises concerns about the confidentiality of the documents sought.

Contrary to Prasco's assertions, the undersigned finds that Value Drug has met its burden to prove that exceptional circumstances exist warranting transfer of this matter to the Eastern District of Pennsylvania. As noted by Value Drug, the Eastern District of Pennsylvania has experience with the facts of the complex underlying case. A Special Master has been appointed to resolve discovery disputes, and he has already evaluated the relevance of certain documents, ruling on one motion to compel. Notably, a motion to compel is now pending against Mylan, another non-party generic drug company (like Prasco) (Doc. 10, Ex. A), concerning Mylan's production of information responsive to a similar subpoena. Like Prasco, Mylan is headquartered outside of the Eastern District of Pennsylvania. Value Drug further contends that Prasco will face little burden litigating the Motion to Compel in Pennsylvania because Prasco is a national company, and its counsel maintains offices within the Eastern District of Pennsylvania. Moreover, as recommended

by the advisory committee for the 2013 amendment to Rule 45(f), Prasco's counsel would likely be afforded the ability to appear remotely. In this regard, Value Drug notes that discovery disputes in the Pennsylvania Action have been conducted remotely, by Zoom, and Prasco's counsel itself recently attended a Zoom hearing in the Pennsylvania Action, proving that transfer will not be burdensome.

Furthermore, Value Drug is seeking the production of transaction-level sales data from Prasco that is relevant to Value Drug's class certification expert reports that are due on July 21, 2022. As such, Value Drug asserts exceptional circumstances warrant transfer because Prasco's transaction-level sales data are undisputedly relevant to these reports as they are relevant to, *inter alia*, damages, identifying class members, and other class certification issues. (Doc. 9 at 5). The undersigned agrees. See *Williams v. Lasik Vision Inst., LLC*, No. 1:21-MC-10, 2021 WL 4059308, at *3 (S.D. OH Sept. 7, 2021) (finding exceptional circumstances where underlying litigations involved issues presented in subpoena related motion); See also *Glob. Agility Sols., Inc. v. Barker*, No. 1:19-cv-987, 2020 WL 2494625, at *2 (W.D. Tex. May 14, 2020) (finding exceptional circumstances where the underlying class action litigation had been pending for one year, involved a "potentially complex class action," and the underlying court had "already issued several orders addressing discovery disputes"); *Cellular Commc'ns Equip., LLC v. HTC Corp.*, No. 15cv2373, 2015 WL 12570944, at *2 (S.D. Cal. Dec. 16, 2015) (citation omitted) ("[C]onsidering that there [had] been extensive case management conferences in which the very discovery sought here [had] been discussed, transfer of this motion to the issuing court may serve to avoid inconsistency in positions and ruling."); *Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.,* No. 5:15-mc-64, 2015 WL 7308655, at *2 (N.D. Ohio Nov.

19, 2015) (finding exceptional circumstances where the underlying litigation was pending for more than one year); *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) ("When the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court.").

Moreover, judicial economy warrants transferring this matter to the Eastern District of Pennsylvania because there "is a very real possibility that this Court's ruling could conflict with any ruling issued by" the Pennsylvania Court. *Drips Holdings*, 2021 WL 1517919, at *6. *See Fed. Trade Comm'n v. Noland*, No. 2:20-cv-908, 2021 WL 1515581, at *2 (D. Utah Apr. 16, 2021) ("transferring the motion will promote consistency among discovery decisions in the underlying litigation"). The Pennsylvania court has knowledge of the underlying issues surrounding Value Drug's attempts to secure the records sought by its non-party subpoena. *See Arclin USA*, 2020 WL 6882600, at *2 (finding exceptional circumstances warranting transfer pursuant to Fed. R. Civ. P. 45(f) because the underlying court had "presided over the [ ] litigation for eight months, ha[d] already made extensive findings of fact as part of the preliminary injunction proceedings, and ha[d] adjudicated previous discovery disputes"). Accordingly, "[j]udicial economy will be best served by having all of these disputes resolved by the same court." *Drips Holdings*, 2021 WL 1517919, at *6.

### III. Conclusion

In light of the foregoing, it is herein **ORDERED** that Value Drug's motion to transfer (Doc. 2) is **GRANTED**, and this matter is transferred to the United States District Court for the Eastern District of Pennsylvania for all further proceedings, including ruling on

Value Drug's pending Motion to Compel (Doc. 1).

**IT IS SO ORDERED.**

                                            */s Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            United States Magistrate Judge